IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TWO BROTHERS BREWING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs.- | ) |
| | ) |
| THREE BROTHERS BREWING, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Civil Action No. *1:14CV48*

JURY TRIAL DEMANDED *LOG/TCB*

## COMPLAINT

For its complaint against Defendant Three Brothers Brewing, LLC ("Three Brothers"),

Plaintiff Two Brothers Brewing Company ("Two Brothers") alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for federal trademark infringement for the unauthorized use of

the Two Brothers' federally registered and common law trademarks in violation of Section

32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a); for federal and common law unfair

competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and common

law; and for violation of the Virginia Consumer Protection Act.

### THE PARTIES

2.     Plaintiff Two Brothers is an Illinois corporation with a place of business at

30w315 Calumet Ave., Warrenville, IL 60555.

3.     On information and belief, Three Brothers is a Virginia limited liability company

with a place of business at 800 North Main Street, Harrisonburg, VA 22801.  During all time

1

relevant to this Complaint, Three Brothers has been transacting business in the Commonwealth of Virginia and infringing Two Brothers' trademarks as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Two Brothers' federal claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a).  This Court has jurisdiction over Two Brothers' related common law and state law claims under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      Three Brothers is subject to personal jurisdiction in this judicial district. Upon information and belief, Three Brothers has systematic and continuous contacts in this judicial district, regularly transact business within this district, and regularly avails itself to this district. On information and belief, Three Brothers has committed tortious acts aimed at, and causing harm within this district. The consequences of Three Brothers' actions produce effects in and directly implicate this district.

6.      Venue is proper is this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

## FACTS

### Two Brothers' Trademark

7.      Two Brothers is a 100% family-owned microbrewery founded by brothers Jim and Jason Ebel in late 1996.

8.      Two Brothers has worked from the ground up to establish a widespread reputation of high quality beer sold under the TWO BROTHERS mark.

9.      Lacking funding to install a bottling line, Two Brothers began as a draft-only brewery.  Two Brothers sold its first keg in March of 1997.

10.    In 1998, Two Brothers installed its first bottling line, which had a capacity of about 16 bottles per minute. Due to increased sales and demand, Two Brothers later replaced its bottling line with a state-of-the-art machine that had the capacity of 150 bottles per minute. In November of 2007, Two Brothers moved into a new 40,000 square foot facility. At that time, it installed a new 50 barrel brewing system and added 3,000 barrels of fermentation space. By April of 2008, they had already reached full capacity in the new brewery and went through yet another expansion. These expansions are ongoing, with Two Brothers adding fermentation capacity every year. In 2013, another major expansion included installing a bottle filler, which has a capacity of 300 bottles per minute.

11.    Through this tremendous growth and expansion over the years, Two Brothers has developed wide-spread recognition and a national reputation for its high quality beer products. *See* Exhibit A.

12.    Two Brothers promotes its products on its website which is accessible at www.twobrosbrew.com and www.twobrothersbrewing.com.

13.    Since August 9, 1997, Two Brothers has used in commerce the trademark TWO BROTHERS to identify its company and beer products. Two Brothers has invested significant resources in developing, advertising, promoting, and marketing this beer under the TWO BROTHERS mark and in establishing TWO BROTHERS products in the minds of consumers with high quality beer offered by Two Brothers Brewing Company. The Two Brothers mark appears on bottles, packaging, and various marketing materials. Examples of such are attached as Exhibit B.

14.    Two Brothers beer products are regularly featured at beer festivals, which are attended by consumers from across the country. *See* Exhibit C. One prominent example of this is

3

Two Brothers' participation in the Great American Beer Festival held in Denver, Colorado each year. In 2013, this festival judged 4,809 product entries from 49 states plus the District of Columbia and had 49,000 attendees from 11 countries. Two Brothers is also featured on the websites BeerAdvocate.com, BeerPulse.com, and RateBeer.com. Further, Two Brothers has been featured in national magazines such as Time, Men's Health, Men's Journal, Rachel Ray Magazine, Costco Connection, Playboy and many others. Finally, Two Brothers' products have appeared on national television shows, including Bar Rescue, Chicago Fire, and Fox News.

15.    The TWO BROTHERS mark is inherently distinctive. By reason of extensive use and promotion, Two Brothers' TWO BROTHERS mark has become favorably known among consumers as used in connection with Two Brothers' beer products and has become a valuable asset as a symbol of Two Brothers, its quality products and its goodwill.

16.    Two Brothers has taken steps to protect the TWO BROTHERS mark in connection with its products, including the following federal registration and applications:

| Trademark | Registration No. | Registration Date | Goods |
|---|---|---|---|
|  | 2,319,407 | February 15, 2000<br><br>(First use: April 10, 1997; First use in commerce: Aug. 9, 1997) | Beer |

4

| Trademark | Appln. Ser. No. | Filing Date | Goods |
|---|---|---|---|
|  | 86123386 | November 19, 2013<br><br>(First use: March 8, 2010; First use in commerce: June 15, 2010) | Beer |
| Two Brothers Brewing Company | 86123339 | November 19, 2013<br><br>(First use: Oct. 28, 1996; First use in commerce: Aug. 8, 1997) | Beer |

The above registration is valid, subsisting, and in full force and effect. A copy of the registration certificate for the mark is attached as Exhibit D. Copies of printouts from the USPTO website listing details of the Two Brothers' pending applications are attached as Exhibits E and F.

17.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Two Brothers' federal registration certificate is prima facie evidence of the validity of the TWO BROTHERS mark as well as Two Brothers' ownership and exclusive right to use the TWO BROTHERS mark in commerce.

18.     Two Brothers' federal registration, pending applications, and common law rights to the TWO BROTHERS marks will be collectively referred to as the "TWO BROTHERS mark."

### Three Brothers' Infringing Acts

19.     Upon information and belief, long after Two Brothers first used the TWO BROTHERS mark and notwithstanding Two Brothers' rights in that mark, Three Brothers

5

adopted and began using the confusingly similar 3 BROTHERS , THREE BROTHERS

BREWING, and JOIN THE BROTHERHOOD marks (collectively, the "THREE BROTHERS

mark") in connection with its beer products.

20.     On information and belief, Three Brothers began distributing beer under the

THREE BROTHERS mark in December 2012.

21.     On information and belief, in April 2013 Three Brothers began offering beers on

tap in its onsite tasting room. *See* Exhibit G.

22.     On July 26, 2013 Three Brothers filed with the United States Patent and

Trademark Office U.S. Federal Trademark Application Ser. No. 86/021,014 for the mark "3

BROTHERS" for beer, ale, lager, stout, porter and shandy.  The application lists December 21,

2012 as the date of first use in commerce. *See* Exhibit H.

23.     On July 26, 2013 Three Brothers filed with the United States Patent and

Trademark Office U.S. Federal Trademark Application Ser. No. 86/020,720 for the mark "3

BROTHERS" for button down shirts, hats, and T-shirts.  The application lists March 7, 2012 as

the date of first use in commerce. *See* Exhibit I.

24.     On information and belief, Three Brothers sells beer under the THREE

BROTHERS mark throughout Virginia.  The greatest concentration of its sales is around

Harrisonburg and in northern Virginia.  Three Brothers claims that they can "get a product that

needs to be drunk as quickly as possible to the retailers within a day or two for anywhere in VA."

*See* Exhibit G.

25.     On information and belief, Three Brothers promotes its beer products through its

website www.threebrosbeer.com.  The domain name threebrosbew.com, uses the identical

format and to Two Brothers domain twobrosbrew.com.

6

26.     Two Brothers and Three Brothers products have already competed in the market. For example, both companies attended the Great American Beer Festival in Denver, Colorado in 2013.

27.     Upon information and belief, the beer products offered by Three Brothers under the THREE BROHTERS mark are related in nature and kind to the beer products Two Brothers sells under the TWO BROTHERS mark.

28.     Upon information and belief, both Two Brothers and Three Brothers promote and sell their respective beer products to bars, restaurants, distributors, and retailers.

29.     Pursuant to 15 U.S.C. § 1072, before Three Brothers began using and applied for registration of the THREE BROTHERS mark, Three Brothers had constructive notice of Two Brothers' claim of ownership of the TWO BROTHERS mark for beer products.

30.     Upon information and belief, Three Brothers has used the THREE BROTHERS mark with actual knowledge of Two Brothers' distinctive TWO BROTHERS mark, and with an intent to capitalize on the reputation and goodwill of Two Brothers, to confuse and deceive consumers, and to unfairly compete with Two Brothers.

31.     Three Brothers use of the THREE BROTHERS mark in connection with beer products in interstate commerce is likely to cause confusion, mistake, and deception among the relevant consuming public.  Consumers will likely believe that Three Brothers' goods are in some way associated with or connected with or approved or authorized by Two Brothers, or that Three Brothers' goods originate from the same source as do Two Brothers' goods, when that is not the case.

32.     Two Brothers has been damaged as a consequence of Three Brothers' unauthorized use of the THREE BROTHERS mark.

33.     In addition, Three Brothers' conduct will cause Two Brothers immediate and irreparable injury, loss and damage for which Two Brothers will have no adequate remedy at law.

## COUNT I

### (Federal Trademark Infringement)

34.     As the first ground for relief, Two Brothers hereby alleges trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Two Brothers incorporates by reference Paragraphs 1 through 33 above, as though fully set forth herein.

35.     Three Brothers' unauthorized use in interstate commerce of the THREE BROTHERS mark is likely to cause confusion or mistake as to the source, sponsorship, approval, or affiliation of Three Brothers' products. The consuming public and the trade are likely to believe that Three Brothers' products originate with Two Brothers, are licensed, sponsored or approved by Two Brothers, or are in some way connected with or related to Two Brothers, in violation of 15 U.S.C. § 1114(1).

36.     Three Brothers' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Two Brothers' rights.

37.     Three Brothers' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Two Brothers, for which it has no adequate remedy at law.

## COUNT II

### (Federal Unfair Competition)

38.     As its second ground for relief, Two Brothers hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Two Brothers incorporates by reference Paragraphs 1 through 37 above, as though fully set forth herein.

39.     Three Brothers' use of the THREE BROTHERS mark in connection with beer and related products constitutes use of a false designation of origin in interstate commerce, in violation of Two Brothers' rights in its distinctive TWO BROTHERS mark.  Three Brothers' use of the THREE BROTHERS mark wrongfully and falsely designates, describes or represents Three Brothers' products, causing confusion, mistake and deception as to the affiliation, connection, or association of Three Brothers' products with Two Brothers, or as to the sponsorship or approval of said products by Two Brothers.

40.     Three Brothers' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Two Brothers, for which Two Brothers has no adequate remedy at law.

## COUNT III

### (Common Law Trademark Infringement)

41.     As the third ground for relief, Two Brothers hereby alleges common law trademark infringement. Two Brothers incorporates by reference Paragraphs 1 through 40 above, as though fully set forth herein.

42.     Three Brothers' unauthorized use of the THREE BROTHERS mark constitutes common law trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Two Brothers of Three Brothers' products. The public is, for example, likely to believe that Three Brothers' products originate

9

with Two Brothers, are licensed by Two Brothers, and/or are sponsored by, connected with, or related to Two Brothers.

43.     Three Brothers' acts constitute unfair competition and trademark infringement in violation of the common law of the Commonwealth of Virginia.

44.     Three Brothers' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Two Brothers, for which it has no adequate remedy at law.

## COUNT IV

## (Common Law Unfair Competition)

45.     As its fourth ground for relief, Two Brothers hereby alleges common law unfair competition. Two Brothers incorporates by reference Paragraphs 1 through 44 above, as though fully set forth herein.

46.     Three Brothers' unauthorized use of the THREE BROTHERS mark constitutes intended use of a false designation of origin and false or misleading representation, which wrongly and falsely designates, describes, and represents the origin of Three Brothers' products as originating from or being connected with the source of products sold under the TWO BROTHERS mark, and is likely to cause confusion, or to cause mistake, or to deceive as to Three Brothers' affiliation, connection, or association with Two Brothers, or as to the origin, sponsorship, or approval of Three Brothers' products by Two Brothers in violation of the common law of the Commonwealth of Virginia.

47.     By reason of the foregoing acts, Three Brothers has willfully, intentionally, and unfairly competed with Two Brothers in violation of the common law of the Commonwealth of Virginia.

10

48.     Three Brothers' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Two Brothers, for which Two Brothers has no adequate remedy at law.

## COUNT V

### (Violation of Virginia Consumer Protection Act, Va. Code § 59.1-200 et seq.)

49.     As its fifth ground for relief, Two Brothers hereby alleges violation of the Virginia Consumer Protection Act. Two Brothers incorporates by reference Paragraphs 1 through 48 above, as though fully set forth herein.

50.     Three Brothers' unauthorized use of the THREE BROTHERS mark is a deceptive act or practice, on which it intends consumers to rely, and is in the course of conduct involving trade or commerce.

51.      Three Brothers' conduct involves trade practices that are directed to the market generally and that implicate consumer protection concerns.

52.     Three Brothers is misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that the goods of Three Brothers are the goods of Two Brothers in violation of Va. Code § 59.1-200(A)(l).

53.     Three Brothers is misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that the goods of Three Brothers are sponsored by, approved by, or certified by Two Brothers, or that Two Brothers is a source of such goods in violation of Va. Code§59.1-200(A)(2).

54.     Three Brothers is misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that its goods are affiliated, connected, or associated with Two Brothers  in violation of Va. Code § 59.1-200(A)(3).

11

55.     Three Brothers is misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that its goods have the characteristics and benefits of the goods of Two Brothers in violation of Va. Code § 59.1-200(A)(5).

56.     Three Brothers is misrepresenting to consumers, and contributing to the ability of other suppliers to misrepresent, that its goods are similar to those of Two Brothers in terms of quality, grade, or style in violation of Va. Code Ann § 59.1- 200(A)(6).

57.     Three Brothers' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Two Brothers, for which Two Brothers has no adequate remedy at law.

## DEMAND FOR RELIEF

WHEREFORE, Two Brothers prays that this Court enter the following judgment and order:

A.      That Three Brothers' use of the THREE BROTHERS mark violates sections 32 and 43(a) of the Lanham Act, the common law of the Commonwealth of Virginia, and the Virginia Consumer Protection Act.

B.      That Three Brothers and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

1. Using the THREE BROTHERS mark in connection with beer, ale, lager, stout, porter or shandy or any other trademark which is likely to cause confusion, mistake, or deception with respect to Two Brothers' TWO BROTHERS mark;

2. Doing any other act or thing likely to induce the mistaken believe that Three Brothers' goods are in any way affiliated, connected, or associated with Two

Brothers' goods or doing any other act or thing likely to cause consumer

confusion with respect to Two Brothers' TWO BROTHERS mark; and

3. Injuring Two Brothers' business reputation and goodwill associated with the

TWO BROTHERS mark, and from otherwise unfairly competing with Two

Brothers in any manner whatsoever.

C.     That, pursuant to 15 U.S.C. §1118, Three Brothers be ordered to deliver up for

destruction all materials, including but not limited to labels, packages, brochures, wrappers,

advertisements, literature, promotions, displays, and all other matter in the custody or under the

control of Three Brothers bearing the THREE BROTHERS mark.

D.     That Three Brothers be ordered to recall from all sales people and authorized

agents all materials, including but not limited to brochures, advertisements, promotions, and all

other matter bearing the THREE BROTHERS mark.

E.     That Three Brothers be required to expressly abandon U.S. Federal Trademark

Application Ser. No. 86/021,014.

F.     That Three Brothers be required to expressly abandon U.S. Federal Trademark

Application Ser. No. 86/020,720.

G.     That, pursuant to 15 U.S.C. §1116, Three Brothers be directed to file with the

Court and serve upon Two Brothers within thirty (30) days after issuance of an injunction, a

report in writing and under oath setting forth in detail the manner and form in which the Three

Brothers has complied with the injunction.

H.     That Two Brothers be awarded monetary relief in an amount to be fixed by the

Court in its discretion as just, including:

13

1. All profits received by Three Brothers from sales and revenues of any kind in connection with any beer marketed under its THREE BROTHERS mark;

2. All damages sustained by Two Brothers as a result of Three Brothers' acts of infringement and unfair competition; and

3. All damages, compensatory and punitive, arising from Three Brothers' deliberate infringing actions as permitted under the law of the Commonwealth of Virginia.

I.      That Three Brothers be ordered to compensate Two Brothers in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Three Brothers' unlawful actions.

J.      That this Court award to Two Brothers all reasonable attorneys' fees, costs, and disbursements incurred by Two Brothers as a result of this action.

K.      That the Court require Three Brothers to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which Two Brothers is entitled.

L.      That the Court order all other and further relief that it deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Two Brothers demands trial by jury of all issues so triable.

Respectfully submitted,

**TWO BROTHERS BREWING COMPANY**

January 17, 2014

Paul A. Gennari (VSB No. 46890)
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-6413
Fax: (202) 429-3902
pgennari@steptoe.com

Thomas L. Holt*
Amanda K. Streff*
Steptoe & Johnson LLP
115 South LaSalle, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1300
Fax:
tholt@steptoe.com
astreff@steptoe.com

*Attorneys for Two Brothers Brewing Company*

\* moving for *pro hac vice* admission

15